STEVEN G. KALAR
Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Steven_Kalar@fd.org

Counsel for Defendant Tapia

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | No. CR 150053-001 WHO |
|---|---|
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| ORACIO TAPIA, | **Hearing Date:** Thursday June 4, 2015 at 1:30 p.m. |
| Defendant. | |

## INTRODUCTION

This Court should adopt the joint recommendations of the government, the Office of Probation, and the defense, and impose custodial term of 96 months in custody to be followed by three years of supervised release.

# DISCUSSION

## I. An Eight Year Custodial Term is the Reasonable Sentence that Best Serves the Goals of the Sentencing Reform Act

This Court should impose the jointly-recommended eight year custodial term, in a case involving a severely-addicted drug mule who was to receive little pay for transporting methamphetamine from Southern to Northern California.

In a thoughtful recommendation, the Office of Probation sums up the essential facts of this case: "There is no evidence to suggest that the defendant was an organizer, leader, manager, or supervisor of others within a criminal organization." *PSR Recommendation* at 2. That observation is correct. Oracio Tapia was, essentially, a drug mule. By all accounts, he was not the original source of the methamphetamine, did not negotiate the transaction, and certainly was not going to reap significant financial rewards for nineteen pounds of methamphetamine. *See PSR* at 4 par. 8 (describing confession where Tapia explained he was to receive $3,000 for delivering 19 pounds of methamphetamine).

In fact, the *actual* source of the drugs described Mr. Tapia to the Confidential Source as "his courier." *Id.* In the acronym alphabet soup describing the distribution chain in this case ("SOS-1," "SOS-2," "DTO"), what is clear is that Mr. Tapia was the foolish schlub – the low rung on the ladder who actually transported the drugs and who therefore had the real exposure to arrest. *Id.* at 3-4 par 6.

To be fair, Mr. Tapia's role as a drug mule was more culpable than that of an undocumented alien carrying a backpack of marijuana across the border. Mr. Tapia admits that he knew that he was carrying drugs, and a large amount of drugs – and that he intentionally ferried those drugs up the long State of California to deliver them to the waiting federal agents. The lengthy prison term of *eight years*, however, adequately reflects whatever greater culpability he may have in this drug mule capacity.

An important factor in evaluating the individual before the Court is the crippling methamphetamine addiction suffered by Mr. Tapia at the time of the offense. *See PSR* at 11-12. Because Mr. Tapia's acceptance of responsibility was so fast, and so complete, this Court has not

had much of an opportunity to get to know this young man. To give context to the depth of this addiction, undersigned counsel can report that Mr. Tapia's transformation from meth addiction to sobriety was one of the most startling he has witnessed. At his initial magistrate appearance Mr. Tapia was horrifically addicted. He was surly, angry, and suspicious. He has destroyed his family relationships, destroyed his ability to keep a job, and was facing a certain long prison term. As he candidly explained to the Probation Officer, he understood that his methamphetamine and alcohol addiction had contributed to his decision to commit this crime. *PSR* at 12 par 52.

The transformation after Mr. Tapia sobered-up in custody has been remarkable. This is a thoughtful, intelligent, and reflective man: he is polite, insightful, and courteous. Mr. Tapia hasn't waited for counseling – he has already begun the important process of evaluating his mistakes, pondering the impact addiction has had on his life, and resolving to get treatment. It has been fascinating and encouraging to watch this man sincerely grapple with the major change needed in his life – and it is frankly very promising that this deep introspection is self-motived, and not forced by some program or court.

Mr. Tapia is tremendously remorseful, and is committed to getting treatment for his addiction and being a better father and partner. The speed with which Mr. Tapia entered a guilty plea to a very long prison term (and his candor when speaking to the agents after being arrested) illustrates a sincere acceptance of responsibility for this crime.

Having known this man addicted, and sober, drives home the tragic consequences of methamphetamine: Mr. Tapia has tremendous potential, and his severe drug use will ultimately cost him nearly a decade of his life in incarceration. That reality is, of course, a double-edged sword. Mr. Tapia's sever drug addiction at the time of the offense is a mitigating fact that supports a variance to a below-guideline sentence. However, Mr. Tapia was transporting the very dangerous drug that caused his severe addiction problems – nineteen pounds of meth would have the same crippling effect on other addicts, as the drug has had on Mr. Tapia. The quantity of meth transported is a fact supports a serious custodial term. The eight-year sentence jointly recommended by the government and the defense in the 11(c)(1)(C) plea agreement fairly strikes

TAPIA, CR 15-0053-1
DEF. SENT. MEM.                    3

this balance between Mr. Tapia's diminished culpability, and the undeniable gravity of this drug offense.

Finally, by imposing this sentence the Court recognizes and encourages good faith negotiation of pretrial dispositions. Counsel in this matter began serious negotiations regarding a pretrial disposition of this matter while it was still before the Magistrate Judges. Mr. Tapia had an initial appearance of January 22, 2015: within two months he had entered a guilty plea before this Court at an early district court appearance. *See PSR* at 3 pars. 1-2. Mr. Tapia's remarkably early acceptance of responsibility – with no pretrial motions, with no trial date set -- saved the Court and the government valuable resources. Imposition of the recommended eight-year term recognizes Mr. Tapia's unusually early acceptance of responsibility, and encourages the parties to negotiate and resolve matters in future cases.

## CONCLUSION

For the foregoing reasons this Court should accept the joint recommendations of the Office of Probation, the government, and Mr. Tapia, and impose a custodial term of ninety six months with a three year term of supervised release to follow.

Respectfully submitted,

Dated: May 29, 2015

STEVEN G. KALAR
Federal Public Defender

Northern District of California

*TAPIA*, CR 15-0053-1
DEF. SENT. MEM.     4